IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 17-945 -M |
| THEODORE PRICE | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this 19 day of July, 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) ~~the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).~~ TRP

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e), because no condition or combination of conditions will reasonably assure the defendant's appearance, and the defendant is a danger to the community:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 1028(a)(7) and 1029.

2.      The evidence in this case is strong. The defendant has admitted having substantial expertise with software and computers, and the ability to access and purchase black market items on the Dark net. When approached by authorities, Price admitted that he had defrauded others of over $40 million in Bitcoin, and that he currently possesses sole access to that currency. Price also possessed the personal identifying information (names, social security numbers, dates of birth, etc.) of numerous individuals, and numerous stolen credit card numbers, including those on cards belonging to his girlfriend, her father, and her deceased grandmother.

.      The defendant told law enforcement that before being apprehended, and while knowing that the police were coming for him, he had contacted a private jet service to fly him to a private air strip in London and flee using his fake passport. The government is unsure of the true extent of financial resources the defendant has access to beyond the approximately $40 million in fraudulently obtained Bitcoin, and has yet to recover the defendant's fake passport. Insofar as the defendant had the ability to obtain a fake passport in the first instance, he has the ability to do it again, especially in light of his expertise with computers and the Dark net.

2.      The total maximum statutory penalty defendant faces with regard to the violation of 18 U.S.C.§ 1028(a)(7) the defendant faces a statutory maximum 5 years in prison, not more than 3 years of supervised release, a $250,000 fine, and a $100 special assessment. With regard to the violation of 18 U.S.C. § 1029(a)(3), the defendant faces a statutory maximum 10 years in prison, not more than 3 years of supervised release, a $250,000 fine and a $100 special assessment.

The estimated guidelines range for the charged offenses is 121-151 months imprisonment. Accordingly, the defendant has a substantial incentive to flee. The defendant also

has admitted to having a fake passport, and to having contacted a company to rent a private plane to flee to Europe.

3. The defendant is unemployed. While he has family ties to the community, based upon his admissions regarding planning to flee, those ties are not strong enough to prevent the defendant from fleeing.

4. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

HONORABLE TIMOTHY R. RICE
United States Magistrate Judge